IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00051-WJM-SKC
*Consolidated with Civil Action No. 1:18-cv-02000-WJM-SKC*

TODD COPE,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

      Defendant.

---

KENNETH MERRITT and
CHRISTY MERRITT,

      Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

      Defendant.

---

## ORDER RE: DEFENDANT'S MOTION FOR SANCTIONS UNDER FRED. R. CIV. P. 11 [#148]

---

Counsel for Defendant Auto-Owners Insurance Company and counsel for Plaintiffs Merritt have enjoyed an unfortunately contentious relationship in this litigation. Their history has included Defendant's unsuccessful attempt to obtain leave to depose and disqualify Gary Bell ("Bell"), the Merritt's attorney, as a necessary witness in this case.

[#186.] It has also included Bell's (through his own attorney) admission that a purported CM/ECF electronic filing receipt for a discovery brief his office filed was "false."[1] [*See generally* #178 and #181; *see also* #178-7.] This matter is currently before the Court on Defendant's Motion for Sanctions ("Motion) under Rule 11 of the Federal Rules of Civil Procedure. [#148.] Defendant's seek monetary and non-monetary sanctions against the Merritts and their attorneys for the attorneys' alleged misrepresentations to the Court. [*Id.* at p. 11.] The Court reviewed the briefing on the Motion and finds that no hearing is necessary. After considering the Parties' arguments, the Motion is GRANTED IN PART, and DENIED IN PART WITHOUT PREJUDICE.

## A. LEGAL STANDARDS

Arguing that Bell violated Rule 11, Defendant wants this Court to: (1) find that Bell violated Rule 11(b) by knowingly making factually inaccurate statements to the Court; (2) strike the factually inaccurate information as untrue and unreliable; and (3) order Bell and the Merritts jointly and severally responsible for Defendant's reasonable attorney fees and costs incurred in filing this Motion.

Rule 11 provides that by presenting a pleading, written motion, or other paper, to the court, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances;" (1) the filing is not presented for any improper purpose; (2) the claims and legal contentions are

---

[1] Normally, the existence of a Committee on Conduct investigation is a confidential matter. However, several public filings in this case, including filings by Bell's law firm, have disclosed the investigation. [*See* #177-1 at 2; #181 at 6–7.] This example was not included in the Motion and has not been considered by the Court in this ruling.

warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law; and, (3) "the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

Rule 11 establishes a standard of objective reasonableness. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). The test for imposition of Rule 11 sanctions is whether counsel's conduct was reasonable under the circumstances of the case. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). It does not require a finding of subjective bad faith on the part of the offending attorney. *Cf. Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness).

The duty of candor established under Rule 11 exposes counsel to sanctions for arguing a false position or continuing to advocate a position after learning that it ceases to have merit or is no longer tenable. *Young v. Corbin*, 889 F. Supp. 582, 585 (N.D.N.Y. 1995). Ultimately, Rule 11 seeks to curb abuses of the litigation process. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, Inc., 498 U.S. 533, 542 (1991). It is not intended to function as a fee-shifting provision or to reward parties who are victimized by litigation. *See, e.g., Tidik v. Ritsema*, 938 F. Supp. 416, 426 (E.D. Mich. 1996); *Watson v. City of Salem*, 934 F. Supp. 666, 667 (D.N.J. 1996).[2]

---

[2] Rule 11 imposes certain procedural requirements on parties seeking sanctions. A party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct that allegedly violates Rule 11(b). The party must serve the motion on the opposing party. If, after 21 days, the offending party does not withdraw the challenged conduct, the party seeking sanctions may file its motion for sanctions with

> [I]n determining whether (and what) sanctions are appropriate, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant," [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." Before a court orders dispositive sanctions, it should also consider the efficacy of lesser sanctions.

*Grady v. Broderson*, No. 13-cv-00752-REB-NYW, 2015 WL 1384371, at *4 (D. Colo. Mar. 23, 2015) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)). "[T]he *Ehrenhaus* factors should be considered even in cases that do not involve dispositive sanctions." *Id.* (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 102 (D. Colo. 1996)).

## B. ANALYSIS

Defendant argues three instances warrant Rule 11 sanctions: (1) Bell told the court no conferral occurred on a motion and the presiding judge found to the contrary; (2) he filed false representations in a joint status report; and, (3) he misrepresented to the court the nature of the Parties' conferrals over a 30(b)(6) deposition. [*See* #148.] Defendant claims the "apparent purpose" of Bell's alleged false representations is "prejudicing Auto-Owners and its counsel and driving up the cost of this litigation unnecessarily;" and "paint[ing] Auto-Owners' counsel as uncooperative in the eyes of the Court." [#148 at p.2.] The Court considers these instances under the *Ehrenhaus* factors.

---

the court. *See* Fed. R. Civ. P. 11(c)(2). It is undisputed that Defendant complied with the procedural requirements of Rule 11 prior to filing the Motion. [#131.]

## 1. Degree of Actual Prejudice to Defendant

Fortunately for defense counsel, the Court can draw its own impartial conclusions about their cooperativeness irrespective of the representations of their opposing counsel. Case-in-point, Judge Martinez's prior conclusion that "[t]he Court is deeply troubled by what appears to be <u>credible assertions by defense counsel</u> that Attorney Gary Bell has on at least two occasions made false representations to this Court." [#134 (emphasis added).] Further, while lies and falsehoods might serve to drive up the costs of litigation, the record does not suggest that the nature of the lies and falsehoods claimed by Defendant were designed to increase costs. Indeed, as Defendant argues, they appear designed to portray defense counsel in a poor light before the Court. Since those efforts have fallen flat, this factor does not favor sanctions and Defendant has not suffered actual prejudice.[3]

## 2. The Amount of Interference with the Judicial Process

With exceptions not relevant here, the United States District Court for the District of Colorado has adopted the Colorado Rules of Professional Conduct ("Colo. RPC") to govern attorney conduct in this District. *See* D.C.COLO.LAttyR 2(a). Those rules contain one rule dedicated to the subject of "Candor Toward the Tribunal." Colo. RPC 3.3. That rule provides, in relevant part, that a lawyer "shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material

---

[3] The Court acknowledges some prejudice to Defendant in increased attorneys' fees to comb-through the record to disprove falsehoods. But the court does not perceive that defense counsel has spent an inordinate amount of time combating the three alleged falsehoods from the Motion—certainly not more than spent in other contentious litigation in which defense counsel has surely been involved.

fact or law previously made to the tribunal by the lawyer; . . . or (3) offer evidence that the lawyer knows to be false." *Id.* These specific attorney-mandates suggest that a failure to adhere to them interferes with the judicial process. Indeed, it is hard to fathom how multiple falsehoods to the court would not interfere with the judicial process.

Analysis of this factor boils down to whether Bell made falsehoods to the Court. On the current record, it appears that he did: (1) he told the court no conferral occurred when it actually had; (2) he filed false representations in a joint status report; and, (3) he misrepresented to the court the nature of the Parties' conferrals over a 30(b)(6) deposition. The Court is not persuaded by the revisionist characterizations of Bell's statements argued in the Response. [#162.] To the contrary, his misrepresentations appear clear, as detailed by Defendant. [*See generally* #162 and #169.]

This factor favors sanctions.

### 3. **Culpability of the Litigant, <u>and</u> 4. Prior Warning**

Bell is culpable and the Court previously warned him that sanctions may result if his conduct continued. On July 3, 2019 – a month-and-a-half before Defendant filed the Motion – Judge Martinez warned:

> The Court is deeply troubled by what appears to be <u>credible</u> assertions by defense counsel that Attorney Gary Bell has <u>on at least two occasions made false representations to this Court</u>. The Court will not at this time take the time and effort to determine, as a factual matter, whether these allegations have merit. <u>While lies and falsehoods have unfortunately become a daily reality in Washington, D.C., they WILL NOT be tolerated by this Court. Mr. Bell is advised that further false statements to this Court, if proven, will result in this Court referring him to the Colorado Attorney Regulation Counsel, as well as the filing of a judicial complaint against him with the District of Colorado's Committee on Conduct. Such future conduct may also subject him to the imposition of financial and other appropriate sanctions by this Court</u>. . . .

[#138 (emphasis added).]

These factors favor sanctions.

## C. CONCLUSION

"The imposition of Rule 11 sanctions is properly reserved for exceptional circumstances . . . ." *United States ex rel. Maxwell v. Kerr Mc-Gee Oil & Gas Corp.*, 2010 WL 582393, at *8 (D. Colo. Feb. 17, 2010) (citing *Wartsila NSD North America, Inc. v. Hill Int'l, Inc.*, 315 F. Supp.2d 623, 627–28 (D.N.J.2004)); *see also Estate of Strong v. City of Northglenn, Colorado*, No. 1:17-CV-1276-WJM-SKC, 2018 WL 6589813 (D. Colo. Dec. 14, 2018) (Rule 11 sanctions awarded under exceptional circumstances), *recommendation adopted 01/14/19.* The Court finds those circumstances here, for the reasons stated above.

For these reasons, the Motion is GRANTED IN PART, to the extent Defendant seeks a finding that Mr. Bell violated Rule 11(b) by knowingly making false statements to the Court, and relief in the form of monetary sanctions. It is DENIED IN PART, to the extent Defendant seeks non-monetary sanctions.

Accordingly, IT IS ORDERED that the Court finds that Bell has violated Rule 11(b). IT IS FURTHER ORDERED that the Court hereby awards Defendant its reasonable attorneys' fees in preparing and filing the Motion and Reply. Finally, IT IS FURTHER ORDERED that Defendant shall file an affidavit of fees and costs within ten (10) days of this Order; and, Mr. Bell shall have ten (10) days from the date Defendant files its affidavit to submit a response over the reasonableness of the claimed fees and costs.

DATED: March 30, 2020.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge