**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-0051-WJM-SKC

TODD COPE,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO
MAGISTRATE JUDGE'S NONDISPOSITIVE ORDERS**

---

    This matter is before the Court on: (1) Defendant Auto-Owners Insurance Company's Objection to United States Magistrate Judge S. Kato Crews's Oral Ruling During Deposition of Bradley Levin, and (2) Defendant's Objection to Judge Crews's Order Compelling Production of Documents (ECF No. 258). (ECF Nos. 254 & 280.) For the following reasons, the Objections are overruled.

## I. BACKGROUND

    This under-insured motorist action arises out of an automobile collision involving Plaintiff Todd Cope and another driver. (ECF No. 1-2.) Plaintiff and two since-dismissed plaintiffs, who were passengers in Plaintiff's car, initiated a lawsuit in Colorado state court against the other driver, which resulted in a global settlement of $1.4 million. (*Id.*) Plaintiff then initiated this action against Defendant to recover the amount that the other driver's insurance did not cover. (*Id.*)

    On March 31, 2021, during a telephonic discovery conference, Judge Crews

made an oral ruling regarding a deposition of Plaintiff's expert witness, Bradley Levin. (ECF No. 254-2 at 21–23.)  Defendant filed its Objection to that ruling on April 14, 2021 ("First Objection").  (ECF No. 254.)  Plaintiff responded on April 22, 2021.  (ECF No. 255.)

On June 17, 2021, Judge Crews issued a Discovery Order, ordering Defendant to disclose certain communications and documents to Plaintiff.  (ECF No. 258.)  Defendant filed its Objection to the Discovery Order on July 7, 2021 ("Second Objection").  (ECF No. 280.)  Plaintiff filed a Response on July 28, 2021, which the Court struck as untimely because it was filed after the deadline of July 21, 2021.  (ECF Nos. 297 & 298.)

## II. LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court must adopt the Magistrate Judge's rulings unless it finds that the rulings are "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  Thus, objections will be overruled unless the Court finds that the Magistrate Judge abused his or her discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made."  *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III. ANALYSIS

### A.   Objection to Deposition Ruling

Defendant's First Objection concerns an oral ruling by Judge Crews regarding

Defendant's March 31, 2021 deposition of Plaintiff's expert, Levin, an attorney who represented clients suing Defendant in two prior lawsuits.  (ECF No. 254.)  Specifically, Levin refused to answer whether he had a contingent or hourly fee arrangement with the former clients and the fee amount he could have recovered had he prevailed in these prior actions.  (ECF No. 254-2 at 4.)

Judge Crews convened a telephonic discovery conference and ruled that Defendant's questions relating to Levin's fee arrangements in prior cases against Defendant were relevant to the issue of Levin's bias against Defendant.  (ECF No. 254-2 at 22.)   He further found, however, that the amount of the potential fee was not relevant.  (*Id.*)  Judge Crews therefore required Levin to answer the question of whether he had a contingent or hourly fee arrangement with the former clients but did not compel Levin to disclose the estimated fee amount.  (*Id.*)

Defendant contends that this ruling was improper because Levin's financial interest in prior cases correlates with his bias against Defendant.  (ECF No. 254 at 2.)  Defendant argues that the magnitude of the contingent fees lost—which Defendant estimates to be approximately $10 million—is relevant because Levin's bias would be greater than if the forgone fees were lower.  (ECF No. 254 at 7.)

In evaluating whether a party may assert a right to privacy on information sought through discovery, a court considers: (1) whether the information is relevant; (2) whether there is a reasonable expectation of privacy; (3) if so, whether there is a compelling need for the information; and (4) if so, whether the information can be derived from other less-intrusive sources.  See *In re District Court*, 256 P.3d 687, 691 (Colo. 2011).  Magistrate judges retain broad authority to rule on discovery-related

3

matters. See *Ariza*, 167 F.R.D. at 133.

As stated, Judge Crews made his determination based on the lack of relevance of the fee amount. (ECF No. 254-2 at 22–24.) While Defendant focuses its argument on the relevance of the degree of Levin's bias, it fails to cite to any authority suggesting that Judge Crews misapplied the law or was otherwise required to order Levin to answer the question. Rather, it appears that Defendant merely disagrees with Judge Crews's conclusion.

Considering the relevant authority and Judge Crews's legally sound analysis, the Court finds that his reasoning was not clearly erroneous. The First Objection is therefore overruled.

**B.     Objection to Order Compelling Production**

Defendant's Second Objection concerns Judge Crews's June 17, 2021 Discovery Order. (ECF No. 280.) In the Discovery Order, Judge Crews ordered Defendant to disclose certain documents involving its outside attorney, Deana Dagner, and a redacted settlement reserve amount. (ECF No. 258.) Defendant contends that this information is not discoverable as it is protected by attorney-client privilege or work-product doctrine. (ECF No. 280 at 1–3.)

i.     *Dagner's Communications*

Prior to Plaintiff's initiation of this action, Defendant retained Dagner in connection with Plaintiff's potential claims against it. (ECF No. 254 at 4.) Plaintiff sought disclosure of Defendant's communications with Dagner, and communications between Dagner and her staff. (ECF No. 218 at 1–5.)

Judge Crews conducted an *in camera* review of the withheld information, ordered

briefing by the parties, and held oral argument prior to issuing his Order. (ECF No. 258 at 1–2.) Based on Dagner's work—including e-mails contacting Plaintiff in which she requested information to evaluate his claims—Judge Crews concluded that Dagner had acted as a claims adjuster rather than an attorney and thus required her to produce certain communications made in that capacity. (*Id.* at 11–13.) Judge Crews also specified a list of documents he found were protected by work-product doctrine or attorney-client privilege, or were otherwise irrelevant, and excluded them from discovery. (*Id.* at 13–15.)

Defendant argues that Judge Crews's ruling was erroneous because he should have applied the "primary purpose" test to determine whether the primary purpose of the communications at issue was to provide or obtain legal advice. (ECF No. 280 at 8–9.) Defendant relies on several out-of-circuit cases applying this test and asserts that this analysis would result in a finding that all of Dagner's communications were privileged. (*Id.* at 9–12.)

Judge Crews conducted a thorough review of the relevant documents and provide specific reasons, supported by legal authority, for compelling disclosure of certain, limited materials. (ECF No. 258 at 11–13; *see also Church Mut. Ins. Co. v. Coutu*, 2018 WL 2388555, at *5 (D. Colo. May 25, 2018) ("The determination of whether the work product doctrine or attorney-client privilege attaches is driven not by a particular chronology, but by the nature of the services rendered.").) Moreover, Defendant fails to cite any binding case law—or even persuasive authority from this District or Colorado state courts—supporting the proposition that the Court must apply its proposed analysis. Accordingly, the Court cannot conclude that Judge Crews's

5

ruling with respect to Dagner's documents was clearly erroneous or contrary to law. Thus, the Second Objection is overruled to the extent it challenges Judge Crews's determination regarding communications and documents involving Dagner.

  ii. *Reserve Settlement Amount*

Regarding the settlement reserve amount, Defendant contends that the figure is protected by work product doctrine and attorney-client privilege because Defendant based the figure on the advice of counsel. (ECF No. 280 at 22.) Defendant cites two out-of-circuit cases for the proposition that the reserve amount is privileged. (*Id.*; *see also United States v. Frederick*, 182 F.3d 496 (7th Cir. 1999); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co*, 139 F.R.D. 609 (E.D. Pa. 1991).)

Again, Judge Crews relied on District of Colorado and Colorado Supreme Court case law in determining that this figure was not entitled to protection under either doctrine. (ECF No. 258 at 15–17; *see also Seaborn v. Am. Fam. Mut. Ins. Co.*, 862 F. Supp. 2d 1149, 1158 (D. Colo. 2012) ("Therefore, the Court finds that evidence of reserves and settlement authority . . . are discoverable . . . and Defendants may not redact such information from the claims and legal files produced pursuant to this Order.").) Judge Crews's analysis and conclusion were not erroneous merely because authority outside of this jurisdiction may conflict with the approach adopted by this District and Colorado state courts. Accordingly, the Second Objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's First Objection (ECF No. 254) is OVERRULED; and

2. Defendant's Second Objection (ECF No. 280) is OVERRULED.

6

Dated this 6th day of August, 2021.

BY THE COURT:

William J. Martínez
United States District Judge