**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-00051-WJM-SKC
*Consolidated with Civil Action No. 18-cv-2000-WJM-STV*

TODD COPE,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

      Defendant.

---

**ORDER PARTIALLY GRANTING
DEFENDANT'S MOTION TO STRIKE [DKT. 276]**

---

After this Court granted numerous extensions of the deadline to designate expert witnesses in this matter, the operative deadlines became November 25, 2020 for designation of affirmative experts, and December 23, 2020 for rebuttal experts. [Dkt. 214.] Pertinent here, Plaintiff made the following supplemental disclosures *after* these deadlines: (1) a fifth supplemental disclosure of documents on January 22, 2021, disclosing additional medical records from 2017, 2018, 2019, and 2020; (2) a sixth supplemental disclosure of documents on February 15, 2021, disclosing additional medical records from 2019 and 2020; and (3) a fourth supplemental expert disclosure on May 19, 2021, which relied upon (at least in part) the records disclosed with Plaintiff's fifth and sixth supplement document disclosures.

1

Defendant filed a Motion to Strike these supplemental disclosures. [Dkt. 276.] The District Judge referred the Motion to the undersigned. [Dkt. 278.] This Court has carefully considered the Motion and related briefing and finds no hearing is necessary.

## LEGAL PRINCIPLES

Federal Rule of Civil Procedure 26(a)(2)(E) states "the parties must supplement [their] disclosures when required under Rule 26(e)." Rule 26(e)(1)(A) provides that a party must supplement when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Although Rule 26(e) imposes a duty to supplement on the parties, it cannot be used to circumvent deadlines in the Scheduling Order. Rather, supplementation is a means for "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the disclosure." *Mullin v. Hyatt Residential Grp., Inc.*, No. 13-cv-2348-WJM-NYW, 2015 WL 1502379, at *3 (D. Colo. Mar. 27, 2015) (quoting *Aid for Women v. Foulston*, 2005 WL 6964192, *3 (D. Kan. July 14, 2005)).

When "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The determination of whether a Rule

26(e) violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* "Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

## ANALYSIS

Rule 26(e)(1)(A) requires *timely* supplementation of disclosures. Fed. R. Civ. P. 26(e)(1)(A). The Court finds Plaintiffs fifth and sixth supplemental disclosures are untimely in violation of Rule 26(e) because they were made on January 22 and February 15, 2021, respectively, disclosing documents ranging in dates from 2017 through 2020. The Court further agrees with Defendant that if the fifth and sixth supplemental disclosures are untimely, then the second and fourth supplemental expert disclosures are also untimely to the extent they rely on the untimely document disclosures. The question, therefore, is whether Plaintiff's violation is substantially justified or harmless. While the Court is not required to make specific findings in this regard, the Court shares some findings to lend context to its ruling.

First, Plaintiff's various explanations for these untimely supplements are unsatisfying. Plaintiff vacillates with his explanations. On one hand he argues three

of the documents from the fifth and sixth supplements were already known to Defendant or in Defendant's possession, but this argument ignores the numerous other documents associated with those disclosures and explains nothing about why Plaintiff waited until 2021 to disclose documents dated in 2017 through 2020. He also argues documents associated with the fifth supplemental disclosure pertain "largely to unrelated medical treatment," and that it was an "oversight" that the other relevant documents were not disclosed. These are not persuasive arguments, and they do little to explain the lengthy delay. All considered, however, the Court does not find bad faith or willfulness on Plaintiff's part, at least on the current record.

Second, the Court does find Defendant has been prejudiced by these untimely disclosures. While it may be true Plaintiff has continued to treat, that doesn't explain him waiting until 2021 to disclose records for treatment he received in 2017, 2018, 2019, and 2020. Defendant took various depositions relying on Plaintiff's original disclosures, and hired experts to render their opinions based on what was represented by the document then disclosed. But these untimely disclosures now alter the factual landscape involving matters relevant to the parties' claims and defenses.

Based on these first two assessments, the Court finds Plaintiff's Rule 26(e) violation was neither substantially justified nor harmless. The Court has concern, however, with striking these disclosures, as Defendant requests. If these disclosures are stricken, then the trial of this matter would be such that the party's will be participating in presenting the jury with a false dichotomy. For example, the parties

would present evidence to the jury that Plaintiff's treatment ended in November 2018, when the facts are he received treatment for his injuries well after that date. Or Plaintiff would be forced to present an expert damages analysis of $1,410,270 when in fact his expert has revised her opinion (based on the untimely-disclosed documents) down to at least $419,441. Under the circumstances of this case, the Court is concerned with subjecting the jury to a charade rather than a trial on the merits.

For these reasons, the Court finds the prejudice to Defendant can be cured by re-opening discovery targeted at the late-disclosed documents and the issues arising from them. The Court further finds ordering Plaintiff to pay Defendant's fees and costs associated with the instant motion and those incurred as a result of the untimely disclosures cures the prejudice and is consistent with the Court's authority under Fed. R. Civ. P. 37(c)(1).

It is ORDERED Defendant's Motion to Strike Certain of Plaintiff's Supplemental Disclosures is GRANTED IN PART and DENIED IN PART. It is DENIED to the extent Defendant seeks the disclosures to be stricken. It is GRANTED insofar as it alternatively sought to reopen discovery with Plaintiff ordered to pay the fees and costs resulting from the untimely disclosures.

It is FURTHER ORDERED that the parties confer over the discovery that is necessary or sought by Defendant as a result of the untimely disclosures, the parties attempt to agree on a schedule for the discovery, and the parties be prepared to

discuss and set the schedule and limitations on that discovery at a Status Conference

to be held on April 7, 2022 at 10:30 am.[1]

SO ORDERED.

Dated: March 25, 2022.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[1] Within 14 days after service of a copy of this Order, any party may serve and file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to file written objections will result in a waiver of the right to appeal the non-dispositive order. See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd., 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); but see Morales-Fernandez v. INS, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").