IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0051-WJM-SKC

TODD COPE,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DEFENDANT'S RETAINED EXPERT JOHN ASTUNO PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

---

Before the Court is Plaintiff Todd Cope's Motion to Exclude the Expert Testimony of Defendant Auto-Owners Insurance Company's Retained Expert John Astuno Pursuant to Federal rule of Evidence 702 ("Motion"). (ECF No. 332.) Defendant filed a response in opposition (ECF No. 356), to which Plaintiff filed a reply (ECF No. 361).

Neither party requested an evidentiary hearing on the Motion, and the Court finds it does not need one to resolve the Motion. For the following reasons, the Motion is denied.

## I. LEGAL STANDARDS

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005). Expert opinion testimony is admissible if it is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993). The opinions are relevant

if they would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 (as amended on Dec. 1, 2023). They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods." *Id.* The proponent of expert testimony has the burden to show that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Federal Rule of Evidence 401 provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless any of the following provides otherwise, including the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Further, Rule 402 provides that irrelevant evidence is not admissible.

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## II. ANALYSIS

Defendant has proffered John Astuno as a retained expert witness. (ECF No. 333.). Astuno is a licensed Colorado attorney, with his practice almost entirely focused on representing plaintiffs in personal injury actions. (*Id.* at 1.) Approximately half of his practice is focused on medical negligence claims, and the other half of his practice is

focused on representing individuals injured primarily in motor vehicle collisions. (*Id.*) Astuno intends to offer an expert opinion that Plaintiff was fully compensated for his injuries through the $466,000 settlement he reached with Jack Landgraf, the driver who rear-ended Plaintiff's vehicle. (*Id.* at 43.)

Whether a plaintiff has been fully compensated for the bodily injuries he sustained in the accident is a question of fact for trial. *Smith v. Auto-Owners Ins. Co.*, 2017 WL 3223952, at *4 (D.N.M. July 27, 2017).

In the Motion, Plaintiff objects to Astuno's opinions on three main grounds: (1) Astuno will impermissibly opine on the credibility of witnesses in the underlying liability case; (2) Astuno's methodology is unreliable; and (3) the prejudicial impact of Astuno's opinions significantly outweighs their probative value. (*See* ECF No. 332.) Plaintiff acknowledges that Astuno's "opinion is that Todd Cope was fully compensated by the liability carrier's settlement" and asks the Court to strike Astuno's opinions in their entirety. (ECF No. 361 at 2, 5.) For the following reasons, the Court denies Plaintiff's request.

**A.      Credibility Determinations**

"The credibility of witnesses is generally not an appropriate subject for expert testimony." *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir.1993). Plaintiff identifies four excerpts from Astuno's report to support his argument that Astuno impermissibly opines on the credibility of witnesses:

> [I]t has been my experience that, more often than not, jurors draw negative inferences from plaintiffs being involved in multiple car accidents, even when such accidents are through no fault of their own. Jurors can perceive a plaintiff with a history of prior litigation, accidents, or claims to the insurance company as motivated to fabricate or exaggerate injuries to obtain a pay-out.

3

>(Ex. 1, p. 8.)
>
>In light of Cope's extensive pre-existing low back issues, in my opinion, it is more likely than not that Landgraf had a valid challenge to the majority of Cope's medical expenses. Had a jury determined that Cope's back issues were primarily caused by his pre-existing conditions, there would be a substantial risk that Cope would recover only emergency care medical costs, and potentially some follow-up care, as deemed related to the Accident.
>
>*Id*.
>
>My opinion is further supported by the fact that, as of the date of this report, Cope has not sought a fusion surgery, essentially confirming Dr. Reiss' opinion and confirming that Cope's settlement more than adequately compensated him for the injuries he sustained in the Accident. Not only has Cope not sought a fusion surgery, but the last date of any medical treatment allegedly related to injuries from the Accident is November 2018. Clearly, Mr. Cope did not need his settlement to account for a large amount of future medical bills.
>
>*Id*.
>
>In the underlying lawsuit, Mr. Landgraf denied legal liability for the Accident because he claimed to have experienced an unforeseen syncopal event that caused him to black out while driving his car. There was substantial evidence obtained in the underlying lawsuit showing that to be the case . . . . Based on my review of the underlying case, Mr. Landgraf would have set forth this defense by arguing that his syncopal episode was completely unforeseen and without notice, and, thus, he was not liable for the Accident. The jury verdict research I have reviewed confirms that juries in Colorado (including in Adams County and surrounding areas) have issued numerous defense verdicts, finding no liability on the part of the defendant, regardless of the amount of damages at issue.
>
>*Id*. at 25–26.

(ECF No. 332 at 5–6.)

Given Astuno's findings, Plaintiff argues that his opinion is premised on his

4

analysis of whether the underlying case and Landgraf's defenses were credible and meritorious.  (ECF No. 332 at 6.)  Because Defendant asserts many of the same defenses in this case and uses many of the same witnesses, Plaintiff argues that Astuno is "essentially opining on the credibility of Owners' case" and "usurping the role of the jury by directing them how to evaluate the evidence."  (*Id.* at 6–7.)

As an initial matter, Defendant states in its response that Astuno does not opine on the credibility of witnesses in his report.  (ECF No. 356 at 3; 5–6.)  Specifically, according to Defendant,

> Astuno has no opinions on whether Cope should be believed when he claims that his injuries are caused by the subject car accident.  Astuno never stated that Cope was being untruthful, lying, or should not be believed.  Astuno never stated that Landgraf should be believed when he stated he blacked out as opposed to falling asleep.

(*Id.* at 6.)

Defendant also states that Astuno does not opine that the "defense medical examinations would likely have resulted in a 'compromise verdict'" and that a "different jury probably would not have awarded Cope more than $466,000."[1]  (*Id.* at 5.)  Rather, Astuno opines that Plaintiff faced "certain risks and issues" in prosecuting his personal injury claim against Landgraf that would affect the value of his case, which is an issue that Defendant analyzed during its evaluation of Plaintiff's UIM claim.  (*Id.*)

The Court disagrees that Astuno's opinions constitute witness credibility determinations that would fly in the face of *Toledo*, as opposed to an analysis of the

---

[1] The portion of Astuno's report that appears to address Plaintiff's concern about an opinion regarding a "compromise verdict" is: "In any event, Dr. [Allison] Fall's testimony, plants a seed, so to speak, and in the event it germinates with only one or a few jurors, negative consequences can flow in the form of a compromise verdict, diminishing Mr. Cope's recovery." (ECF No. 333 at 8–9.)  Astuno posits that a compromise verdict could have resulted from Dr. Fall's testimony, which was a risk Plaintiff faced in the underlying liability lawsuit.

factors affecting Plaintiff's underlying liability case. Accordingly, the Court denies this portion of the Motion. However, the Court will strictly hold Defendant to its representation that Astuno will not opine on the credibility of any witness at trial.

**B.     Methodology**

Next, Plaintiff objects to Astuno's analysis of various jury verdicts entered in personal injury cases in Adams County District Court. (ECF No. 332 at 8.) Plaintiff explains that Astuno uses these verdicts to inform his analysis of what a jury might have awarded Plaintiff in the litigation against Landgraf if he had proceeded to trial to reach the conclusion that a jury would not likely have awarded Plaintiff more than $466,000. (*Id.*) Further, Plaintiff argues that Astuno's methodology is unreliable because: (1) the jury verdicts were "provided to him by 'the defense lawyers,'"; (2) Astuno "could not explain how these verdicts . . . were in any way comparable to Mr. Cope's case," and (3) Astuno "did not know what search terms were used, what verdicts Owners' counsel decided to include or not include, etc." (*Id.* at 8–9.)

Defendant responds that the fact that its attorneys provided the verdicts for analysis does not make Astuno's methodology unreliable because it is common for litigation experts to develop their opinions by reviewing documents that attorneys provide. (ECF No. 356 at 9.) Further, Defendant emphasizes that Astuno did testify about what search terms were used to obtain the sample verdicts and how they were comparable to Plaintiff's personal injury case. (*Id.*) Addressing Plaintiff's argument that Astuno cannot predict a jury's verdict, Defendant states that Astuno "has no opinions on what an actual jury verdict would be and did not use his methodology to 'predict' one in the first place." (*Id.* at 10.) Rather, Defendant explains that Astuno used the jury verdicts to analyze the value of the claim, as Defendant did to evaluate Plaintiff's UIM

6

claim.  (*Id.*)

"Methodology" is a term the Supreme Court used in *Daubert* specifically with reference to *scientific* methodology.  See 509 U.S. at 592–93.  "[T]here are many different kinds of experts, and many different kinds of expertise," *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999), and Defendant retained Astuno for his specialized knowledge as a practicing plaintiffs' attorney in the personal injury space.  Fed. R. Evid. 702(a).  "Methodology" is not an obviously relevant consideration here, at least as Plaintiff understands it.  See *Kumho Tire*, 526 U.S. at 150 ("*Daubert* makes clear that the factors it mentions [such as reliability of the methodology] do *not* constitute a definitive checklist or test.  And *Daubert* adds that the gatekeeping inquiry must be tied to the facts of a particular case." (internal quotation marks and citations omitted) (emphasis in original)).[2]  Expert testimony can take the form of "specialized observations, the specialized translation of those observations into theory, a specialized theory itself, or the application of such a theory in a particular case," *id*. at 149.

Plaintiff notably does *not* argue either that Astuno has no specialized knowledge or that such knowledge obtained over numerous years as a practicing personal injury attorney is within a jury's normal competence.  Astuno's opinion is subject to being challenged on various grounds, of course, including those pointed out by Plaintiff—*e.g.*, that his methodology cannot actually predict a jury verdict.  (ECF No. 332 at 9.)  But these purported weaknesses are not so fundamental as to render his opinion inadmissible under Rule 702, and are instead more appropriately understood as

---

[2] The Court is not of the view that there can never be a valid methodology challenge outside of a "scientific" context.  Rather, the significance of methodology depends on the type of expert testimony in question, and Astuno's testimony is not of a type that lends itself to the sort of methodology inquiry that Plaintiff suggests is necessary.

7

subjects for cross examination at trial.

**C.     Rule 403 Analysis**

Plaintiff argues that Astuno's opinions should be excluded due to their "prejudicial impact," namely that his opinions "invite the jury to abandon its own duty to determine liability and damages based on his expertise as an attorney." (ECF No. 332 at 11.) Further, Plaintiff argues that Astuno's opinions invite the jury to infer that Plaintiff should "face an uphill climb in this case" and "direct the jury as to what their members should question." (*Id.*)  With respect to the probative value of Astuno's opinions, Plaintiff argues that they are "difficult to discern" beyond their "improper force in the *ipse dixit* bolstering of Owners' case." (*Id.*)  Finally, Plaintiff points out that in his view, "it appears the only probative value of Mr. Astuno's opinions are in their power to mislead the jury into deciding the case on an improper basis—speculation about what a different hypothetical jury might have decided." (*Id.* at 12.)

At bottom, Plaintiff finds Astuno's opinion to be bad for his case.  One can hardly expect it to be otherwise.  This is not, however, the type of undue prejudice excludable under Rule 403.  Plaintiff repeatedly argues in this regard that Astuno will usurp the province of the jury by offering his opinions.  (*See id.*)  But the Tenth Circuit has found that "an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function." *Specht v. Jensen*, 853 F.2d 805, 809–10 (10th Cir. 1988) (en banc), *cert. denied*, 488 U.S. 1008 (1989).  "An expert opinion which embraces an ultimate fact issue is not objectionable on the ground that it usurps the province of the jury by telling it how to decide the case."  *Id.* at 813.

Simply because Astuno opines that the risks and issues Plaintiff faced in litigating

his claims against Landgraf meant that it was "more likely than not that Landgraf had a valid challenge to the majority of Cope's medical expenses" and would have "eviscerated the value of his claims" does not mean he has attempted to define the legal parameters of this case for the jury.  (ECF No. 333 at 9.)  The Court also concludes that such opinions will not mislead the jury.  The Court agrees with Defendant's characterization of Astuno's opinions—that they "go to the factual issue of whether Cope has been fully compensated and cannot show damages beyond $1.25 million" and will help the jury understand why an insurer would perform jury verdict research (as Defendant did) in reaching its claim decisions.  (ECF No. 356 at 11.)  Finding no undue prejudice as contemplated by Rule 403, the Court denies this portion of the Motion.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS that the Motion (ECF No. 332) is DENIED.

Dated this 7th day of December, 2023.

BY THE COURT:

William J. Martínez
Senior United States District Judge